UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SHAUNTA BUSBEY, o/b/o C.S., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:11CV967MLM |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

This is an action under Title 42 U.S.C. ' 405(g) for judicial review of the final decision of Michael Astrue (ADefendant@) denying the application for Child's Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. ' 401, 1381 et. seq., filed by C.S.'s mother, Shaunta Busbey, on behalf of C.S. Plaintiff filed a brief in Support of the Complaint. Doc. 13. Defendant filed a Response. Doc. 14. Plaintiff filed a Reply. Doc. 15. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Doc. 16.

**I.
PROCEDURAL HISTORY**

Plaintiff's application for Child's SSI was filed on February 23, 2009, alleging a disability onset date of September 1, 2008. Tr. 87-89. The claim was denied and Plaintiff filed a request for a hearing before an Administrative Law Judge ("ALJ"). Tr. 36-40. A hearing was held before an ALJ on February 24, 2010. Tr. 25. By decision, dated April 12, 1010, the ALJ found that Plaintiff was not disabled as defined by the Act. Tr. 11-22. On March 23, 2011, the Appeals Council denied

the request for review. Tr. 1-3. As such, the decision of the ALJ stands as the final decision of the Commissioner.

## II.
## LEGAL STANDARD FOR CHILD DISABILITY CASES

20 C.F.R. § 416.906 (2000) provides the definition for disability in children. That provision states:

> If you are under age 18, we will consider you disabled if you have a medically determinable physical or mental impairment or combination of impairments that causes marked and severe functional limitations, and that can be expected to cause death or that has lasted or can be expected to last for a continuous period of not less than 12 months.

In determining disability, the ALJ must utilize a sequential evaluation process set forth in 20 C.F.R. § 416.924 (2000). The ALJ first determines whether plaintiff is doing "substantial gainful activity." 20 C.F.R. § 416.924(a), (b).   If so, the plaintiff is not disabled. 20 C.F.R. § 416.924(a), (b). If not, the ALJ considers plaintiff=s physical or mental impairment to determine whether plaintiff has a medically determinable impairment(s) that is severe. 20 C.F.R. § 416.924(c). If the impairment(s) is not medically determinable or is a slight abnormality that causes minimal limitations, the ALJ will find that plaintiff does not have a severe impairment and is not disabled. 20 C.F.R. § 416.924(c). If the impairment(s) is severe, it must "meet, medically equal, or functionally equal the listings." 20 C.F.R. § 416.924(d).

Further, when determining functional limitations, 20 C.F.R. § 416.926a(a) (2002) provides that where a severe impairment or combination of impairments does not meet or medically equal any listing, the limitations will "functionally equal the listings" when the impairment(s) "result in 'marked' limitations in two domains of functioning or an 'extreme' limitation in one domain." The ALJ considers how a plaintiff functions in activities in the following six domains: "(i) Acquiring and using

information; (ii) Attending and completing tasks; (iii) Interacting and relating to others; (iv) Moving about and manipulating objects; (v) Caring for yourself; and (vi) Health and physical well-being." 20 C.F.R. § 416.926a(b)(1). A limitation is "marked" when it "interferes seriously with [a claimant's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. §416.926a(e)(2). A limitation is "extreme" when it "interferes very seriously with [a claimant's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. §416.926a(e)(3).

Even if a court finds that there is a preponderance of the evidence against the ALJ's decision, that decision must be affirmed if it is supported by substantial evidence. Clark v. Heckler, 733 F.2d 65, 68 (8th Cir. 1984). "Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." Krogmeier v. Barnhart, 294 F.3d 1019, 1022 (8th Cir. 2002). In Bland v. Bowen, 861 F.2d 533 (8th Cir. 1988), the Eighth Circuit Court of Appeals held:

> [t]he concept of substantial evidence is something less than the weight of the evidence and it allows for the possibility of drawing two inconsistent conclusions, thus it embodies a zone of choice within which the Secretary may decide to grant or deny benefits without being subject to reversal on appeal.

Id. at 535. See also Culbertson v. Shalala, 30 F.3d 934, 939 (8th Cir. 1994); Turley v. Sullivan, 939 F.2d 524, 528 (8th Cir. 1991).

It is not the job of the district court to re-weigh the evidence or review the factual record de novo. McClees v. Shalala, 2 F.3d 301, 302 (8th Cir. 1994); Murphy v. Sullivan, 953 F.2d 383, 384 (8th Cir. 1992). Instead, the district court must simply determine whether the quantity and quality of evidence is enough so that a reasonable mind might find it adequate to support the ALJ's conclusion. Davis v. Apfel, 239 F.3d 962, 966 (8th Cir. 2001) (citing McKinney v. Apfel, 228 F.3d 860, 863 (8th Cir. 2000)). Weighing the evidence is a function of the ALJ, who is the fact-finder.

Benskin v. Bowen, 830 F.2d 878, 882 (8th Cir. 1987). See also Onstead v. Sullivan, 962 F.2d 803, 804 (8th Cir. 1992) (holding that an ALJ's decision is conclusive upon a reviewing court if it is supported by "substantial evidence"). Thus, an administrative decision which is supported by substantial evidence is not subject to reversal merely because substantial evidence may also support an opposite conclusion or because the reviewing court would have decided differently. Krogmeier, 294 F.3d at 1022 (internal citations omitted). See also Eichelberger, 390 F.3d at 589; Nevland v. Apfel, 204 F.3d 853, 857 (8th Cir. 2000) (quoting Terrell v. Apfel, 147 F.3d 659, 661 (8th Cir. 1998)); Hutsell v. Massanari, 259 F.3d 707, 711 (8th Cir. 2001) (internal citations omitted).

"While the claimant has the burden of proving that the disability results from a medically determinable physical or mental impairment, direct medical evidence of the cause and effect relationship between the impairment and the degree of claimant's subjective complaints need not be produced." Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984).

The ALJ must make express credibility determinations and set forth the inconsistencies in the record which cause him to reject the plaintiff's complaints. Masterson v. Barnhart, 363 F.3d 731, 738 (8th Cir. 2004); Hall v. Chater, 62 F.3d 220, 223 (8th Cir. 1995); Robinson v. Sullivan, 956 F.2d 836, 841(8th Cir. 1992); Ricketts v. Sec'y of Health and Human Servs., 902 F.2d 661, 664 (8th Cir. 1990); Jeffery v. Sec'y of Health and Human Servs., 849 F.2d 1129, 1132 (8th Cir. 1988).  It is not enough that the record contains inconsistencies; the ALJ must specifically demonstrate that he considered all of the evidence. Robinson, 956 F.2d at 841; Butler v. Sec'y of Health and Human Servs., 850 F.2d 425, 429 (8th Cir. 1988).  Although credibility determinations are primarily for the ALJ and not the court, the ALJ's credibility assessment must be based on substantial evidence. Rautio v. Bowen, 862 F.2d 176, 179 (8th Cir. 1988); Millbrook v. Heckler, 780 F.2d 1371, 1374 (8th Cir. 1985).

## III.
## DISCUSSION

The issue before the court is whether substantial evidence supports the Commissioner's final determination that Plaintiff was not disabled. Onstead, 962 F.2d at 804.  Thus, even if there is substantial evidence that would support a decision opposite to that of the Commissioner, the court must affirm her decision as long as there is substantial evidence in favor of the Commissioner's position. Krogmeier, 294 F.3d at 1022.

Plaintiff contends that the ALJ's decision is not supported by substantial evidence because it is not consistent with the medical evidence and the opinion of Plaintiff's teacher, Ms. Perry, whose opinion the ALJ found should be afforded substantial weight. The ALJ in the matter under consideration found that Plaintiff had the medically determinable severe impairment of ADHD but concluded that Plaintiff's impairment did not meet or medically or functionally equal the listing of impairments. 20 C.F.R. Ch. III, pt.404, subpt. P, app. 1, § 112.11, the listing for ADHD, states that it is "[m]anifested by developmentally inappropriate degrees of inattention, impulsiveness, and hyperactivity" and further states that:

> The required level of severity for [ADHD] is met when the requirements in both A and B are satisfied.
>
> A.   Medically documented findings of all three of the following:
>
> 1. Marked inattention; and
> 2. Marked impulsiveness; and
> 3. Marked hyperactivity;
>
> AND
>
> B.   ... [F]or children (age 3 to attainment of age 18), resulting in at least two of the appropriate age-group criteria in paragraph B2 of 112.02.

Paragraph B of 112.02 states that for children age three to eighteen, the impairment must result in at least two of the following:

5

(a) Marked impairment in age-appropriate cognitive/communicative function, documented by medical findings ... and including, if necessary, the results of appropriate standardized psychological tests, or for children under age 6, by appropriate tests of language and communication; or
(b) Marked impairment in age-appropriate social functioning, documented by history and medical findings ... and including, if necessary, the results of appropriate standardized tests; or
(c) Marked impairment in age-appropriate personal functioning, documented by history and medical findings ... and including, if necessary, appropriate standardized tests; or
(d) Marked difficulties in maintaining concentration, persistence, or pace.

To the extent that the ALJ did not specifically articulate the criteria for Listing 112.11, ADHD, the Eighth Circuit holds that such a failure is not reversible error where the record supports the ALJ's "overall conclusion." Pepper ex rel. Gardner v. Barnhart, 342 F.3d 853, 855 (8th Cir. 2003). See also Karlix v. Barnhart, 457 F3d 742, 746 (8th Cir. 2006) ( "The fact that the ALJ did not elaborate on this conclusion does not require reversal, because the record supports her overall conclusion.") (citing Pepper, 342 F.3d at 855).

First, pursuant to the regulations, the ALJ considered that Plaintiff was born on November 3, 1999 and was a school age child at the time of the hearing; that he had not engaged in substantial gainful activity since the application date, February 23, 2009; and that, at the time of the hearing, had ADHD which was severe within the meaning of 20 C.F.R. § 416.924(c). Tr. 14. The ALJ proceeded to determine whether Plaintiff met, or medically equaled or was functionally equivalent to a listing. Pursuant to § 426.924(a), the ALJ considered how Plaintiff's functioning compared to that of unimpaired children of his same age and the combined effects of his impairments. Tr. 15. The ALJ considered the intensity, persistence, and limiting effects of his symptoms to determine the extent to which they limited Plaintiff's functioning. Tr. 15.

In particular, the ALJ considered Plaintiff's mother's testifying that Plaintiff suffers from ADHD and that this condition affects his ability to focus, remember, concentrate, stay calm, follow

rules, play well with other children, and complete tasks. Tr. 15.  The court notes that Plaintiff's mother testified that Plaintiff could not "seem to get through the day at [] school without [medication]"; that Plaintiff had been on medication since February 2009, a year prior to the hearing; that she noted changes since Plaintiff went on medication, including that he seem[ed] to relax some more and calm []down more and ... focus at school"; that Plaintiff took his medication at school during the week and at home on weekends; that Plaintiff took his medication in the morning; that at the end of the day he "seem[ed] to get wilder"; and that she could tell that Plaintiff's medication had worn off. Tr. 28-30.  Conditions which can be controlled by treatment are not disabling. See Davidson v. Astrue, 578 F.3d 838, 846 (8th Cir. 2009); Medhaug v. Astrue, 578 F.3d 805, 813 (8th Cir. 2009); Schultz v. Astrue, 479 F.3d 979, 983 (8th Cir. 2007) (holding that if an impairment can be controlled by treatment, it cannot be considered disabling);Estes v. Barnhart, 275 F.3d 722, 725 (8th Cir. 2002); Murphy, 953 F.2d 383, 384 (8th Cir. 1992); Warford v. Bowen, 875 F.2d 671, 673 (8th Cir. 1989) (holding that a medical condition that can be controlled by treatment is not disabling); James for James v. Bowen, 870 F.2d 448,450 (8th Cir. 1989).  Plaintiff's mother further testified, in regard to Plaintiff's "getting wilder" at the end of the day and his "tend[ing] to run around, jump, ... [and] break[ing] some things," that she "guess[ed] that's just what little boys do." Tr. 30.

Consistent with the Regulations, the ALJ further considered Plaintiff's medical records. See Orrick v. Sullivan, 966 F.2d 368, 372 (8th Cir. 1992) (holding that an ALJ may discredit a claimant's subjective complaints where there are inconsistencies in the record; the ALJ may give more weight to the medical records than to a claimant's testimony); Russell v. Sullivan, 950 F.2d 542, 545 (8th Cir. 1991); Edwards v. Sec'y of Health & Human Servs., 809 F.2d 506, 508 (8th Cir. 1987).  In particular, the ALJ considered that a report from Psychologists & Educators, dated February 10, 2009, states that Plaintiff presented for an educational assessment on that date; that Plaintiff presented

7

with ADHD; and that Plaintiff was given a global assessment of functioning ("GAF") of 57.[1] Tr.15, 169-77. Also, on February 10, 2009, Plaintiff was assigned a GAF of 57. Tr. 173. A GAF is the clinician's judgment of the individual's overall level of functioning, not including impairments due to physical or environmental limitations. See Diagnostic and Statistical Manual of Mental Disorders, DSM-IV, 30-32 (4th ed. 1994). The GAF of 57 assigned to Plaintiff reflects moderate limitations. Id. at 32. (providing that GAF scores of 31 to 40 represent "some impairment in reality testing or communication or major impairment in several areas, such as work or school, family relations, judgment, thinking, or mood," that 41 to 50 represents "serious," that scores of 51 to 60 represent "moderate," scores of 61 to 70 represent "mild," and scores of 90 or higher represent absent or minimal symptoms of impairment).

The ALJ also considered a March 18, 2009 Childhood Disability Form completed by Kyle DeVore, Ph.D., in which Dr. DeVore opined that Plaintiff's impairments or combination of impairments were severe; that they did not meet or medically or functionally equal a listing; and that, in the six domains of functional equivalence, Plaintiff had "no limitation" in all areas, except for Attending and Completing Tasks, in which domain Plaintiff had "less than marked" limitations. Tr. 16. In regard to Dr. DeVore's opinion, the ALJ considered that he did not examine Plaintiff and that he based his review on the medical and educational records available to him. The ALJ concluded that Dr. DeVore's opinion was "largely consistent" with the overall record, except that in the areas of Attending and Completing Tasks and Relating with Others there was evidence of more limitations than those given by Dr. DeVore. Thus, to the extent Dr. DeVore's assessment was consistent with the overall record, the ALJ accepted it and gave it weight. Tr. 16. As required by the regulations,

---

[1] While the ALJ suggests that Alan J. Politte, M.D., conducted this examination of Plaintiff, records of Psychologists & Educators, Inc., reflect that the examination may have actually been conducted by Dennis O. Van Ronzelen, Psychologist. Tr. 173.

the ALJ explained the weight given to Dr. DeVore's opinion. See 20 C.F.R. §§ 404.1527(f)(2)(ii), 416.927(f)(2)(ii); Ingram v. Chater, 107 F.3d 598, 601 (8th Cir. 1997) (holding that upon determining the weight to be given to the state agency consultant's opinion, the ALJ "must minimally articulate his reasons for crediting or rejecting evidence of disability") (internal citations omitted) (quoting Scivally v. Sullivan, 966 F.2d 1070, 1076 (7th Cir. 1992)).  Moreover, it was proper for the ALJ to give some weight to Dr. DeVore's opinion. See 20 C.F.R. §§ 404.1527(f)(2)(i), 416.927(f)(2)(i) (providing that State agency medical consultants are highly qualified experts in Social Security disability evaluation; therefore, ALJs must consider their findings as opinion evidence).

The ALJ also considered a School Activities Questionnaire completed by Plaintiff's fourth grade teacher, Ms. Perry; that Ms. Perry had the opportunity to observe Plaintiff in a classroom setting for approximately five months; and that Ms. Perry's assessment was generally consistent with the allegations of Plaintiff's mother and the medical records.  As such, the ALJ gave Ms. Perry's assessment "significant weight." Tr. 16.  Details of the reports of Dr. Politte, Dr. DeVore, and Ms. Perry are discussed below in regard to this court's discussion of the ALJ's findings in the six functional equivalence domains.

Although Plaintiff's alleged onset date is September 1, 2008, Plaintiff was not evaluated for ADHD until January 2009.  After this evaluation was completed in February 2009, Plaintiff received treatment for ADHD in April 2009, at the People's Health Clinic where he was prescribed medication. Tr. 184-85. Rautio v. Bowen, 862 F. 2d 176, 179 (8th Cir. 1988) (failure to seek aggressive treatment and limited use of prescription medications is not suggestive of disabling pain).  Moreover,  seeking limited medical treatment is inconsistent with claims of disabling pain. Edwards v. Barnhart, 314 F.3d 964, 967 (8th Cir. 2003) ("[T]he ALJ concluded, and we agree, that if her pain was as severe as she alleges, [Plaintiff] would have sought regular medical treatment."); Gwathney

9

v. Chater, 104 F.3d 1043, 1045 (8th Cir. 1997) ("[Claimant's] failure to seek medical assistance for her alleged physical and mental impairments contradicts her subjective complaints of disabling conditions and supports the ALJ's decision to deny benefits.").

Because the ALJ did not find, at step 3 of the evaluation process, that Plaintiff's impairments met, medically equaled, or functionally equaled a listed impairment, as required by the regulations, the ALJ proceeded to assess all of Plaintiff's functional limitations caused by his impairments in the six domains of functioning. The ALJ then considered that to be found disabled Plaintiff must have extreme limitations in one domain or marked limitations in at least two domains. Consistent with §416.926a(e)(2), the ALJ noted that marked limitations seriously interfere with the ability to independently initiate, sustain, or complete activities. Consistent with §416.926a(e)(3), the ALJ noted that extreme limitations interfere "very seriously with [a] child's ability to independently initiate, sustain, or complete activities." The ALJ found that, in the domain of Acquiring and Using Information, that Plaintiff had no "appreciable limitations; that in the domain of Attending and Completing Tasks, Plaintiff had "marked" limitations; that, in the domain of Interacting and Relating with Others, Plaintiff had "less than marked" limitations; that, in the domains of Moving About and Manipulating Objects, Caring for Yourself, and Health and Physical Well-Being Plaintiff had "no limitations." Tr. 16-22. As such, the ALJ found that Plaintiff was not disabled. Tr. 22.

To the extent that the ALJ did not give controlling weight to Ms. Perry's opinion, the court notes that the ALJ was required to evaluate the record as a whole and to resolve conflicts among the opinions of record. See Bentley v. Shalala, 52 F.3d 784, 785 (8th Cir.1995) ("It is the ALJ's function to resolve conflicts among 'the various treating and examining physicians.'") (internal citations omitted); Cantrell v. Apfel, 231 F.3d 1104, 1107 (8th Cir.2000) (discussing an ALJ's role in resolving conflicts among medical opinions); 20 C.F.R. § 416.927(d) (2003). Moreover, pursuant to SSR 06-

03p, a teacher such as Ms. Perry is an "other source," and, as such, the ALJ was not required to give her opinion controlling weight. "[O]nly 'acceptable medical sources' can be considered treating sources, as defined in 20 C.F.R. 404.1502 and 416.902, whose medical opinions may be entitled to controlling weight." Lacroix v. Barnhart, 465 F.3d 881 (8th Cir. 2006). Acceptable medical sources include a psychologist, such as Dr. DeVore. Id. (citing 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2); Social Security Ruling 06-03p ("[O]nly 'acceptable medical sources' can give us medical opinions."). As discussed above and below, the court finds that the ALJ did give proper weight to Ms. Perry's opinion and that the ALJ's decision, in this regard, is supported by substantial evidence.

A.      **Domain of Acquiring and Using Information:**

Consistent with § 416.92a(b)(1)(I), the ALJ considered that the domain of acquiring and using information considers "how well the child acquires or learns information, and how well the child uses the information he has learned." Tr. 16. The ALJ considered that Plaintiff's mother testified that Plaintiff had minimal problems with his ability to progress in learning; that Ms. Perry opined that Plaintiff had only moderate limitations in this area; that during a February 2009 educational evaluation, Plaintiff had a Full Scale IQ score of 101, placing him in the middle of "Average"; and that Plaintiff scored "extremely well on his Reading Recognition and was placed at about 1 year ahead of his age expectancy." Tr. 17. The court also notes that Ms. Busbey reported that, among other things, Plaintiff could read and understand simple sentences and stories in books or magazines; that he could spell most three to four letter words; and that he could write a simple story with six to seven sentences. Tr. 96. Ms. Busbey also testified that Plaintiff had never been held back in school; that he was in regular classes; and that he had an intervention teacher and a reading teacher. Tr. 32. Ms. Perry did report that Plaintiff's reading instruction was at a third grade level although he was in the fourth grade; that, in the domain of Acquiring and Using Information, Plaintiff had "moderate

11

limitations in regard learning new material, discussing or applying previously learned material, applying problem solving skills, expressing ideas in writing, and solving math problems; and that he had a marked limitation only in regard to reading comprehension. Tr. 132-33. Further, Psychologists & Educators reported that Plaintiff's reading recognition score of 101 placed him in the fifty-third percentile at the fourth grade level and that his Full Scale Intelligence Score of 101 also placed him in the fifty-third percentile. Tr. 172. The report from Psychologists & Educators concluded that Plaintiff was of "average intelligence" and that he "should be capable of at least average grades." Tr. 173. As such, the court finds that the ALJ's finding that Plaintiff had no appreciable limitations in the domain of Acquiring and Using Information is supported by substantial evidence and that it is consistent with the Regulations and case law. In this regard, the court stresses that while it might not reach the same conclusion as the ALJ did, it must affirm if the ALJ's decision is supported by "enough [evidence] that a reasonable mind would find it adequate to support the Commissioner's conclusion." Krogmeier v. Barnhart, 294 F.3d 1019, 1022 (8th Cir. 2002). See also Cox v. Astrue, 495 F.3d 614, 617 (8th Cir. 2007). See also Lacroix v. Barnhart, 465 F.3d 881, 885 (8th Cir. 2006) ("[W]e may not reverse merely because substantial evidence exists for the opposite decision.") (quoting Johnson v. Chater, 87 F.3d 1015, 1017 (8th Cir. 1996)).

**B.     The Domain of Attending and Completing Tasks:**

Consistent with § 416.926a(b)(1)(ii), the ALJ stated that "[t]his domain considers how well a child is able to focus and maintain attention and how well he is able to begin, carry through, and finish activities, including the mental pace at which he performs activities and the ease of changing activities. Attending and completing tasks also refers to a child's ability to avoid impulsive thinking and his ability to prioritize competing tasks and manage his time." Tr. 17. The ALJ concluded that in this domain Plaintiff has marked limitations.

12

In particular, the ALJ considered that Plaintiff was diagnosed with ADHD; that Ms. Busbey testified that Plaintiff had difficulty finishing what he started; that Ms. Perry reported that, when compared to other children of his age, Plaintiff had extreme limitations in his ability to remain alert, carry through and finish activities, change activities easily, work without needing task redirection, work independently, avoid careless mistakes, maintain pace, carry out instructions, avoid being fidgety, overactive, or restless, anticipate the time needed to finish a task, remember and organize school materials, and complete classroom assignments on time.  The ALJ also considered that Ms. Perry reported that it took Plaintiff "several days to complete a 20-minute task" and that he "often [forgot] his homework."  Tr. 18.  Also, Ms. Busbey failed to indicate on a Children's Problems Checklist that Plaintiff did not finish his homework, that he could not finish a game or puzzle, or that he would lose "interest quickly," although she reported that Plaintiff "[gave] up easily" and had "trouble finishing projects."  Tr. 175-76.  The court finds that the ALJ's findings in regard to the domain of attending and completing tasks is based on substantial evidence and is consistent with the Regulations.

**C.     The Domain of Interacting and Relating with Others:**

Consistent with § 416.926a(b)(1)(iii), the ALJ stated that this domain considers "how well a child is able to initiate and sustain emotional connections with others, develop and use the language of the community, cooperate with others, comply with rules, respond to criticism, and respect and take care of the possessions of others."  Tr. 18.  The ALJ found that Plaintiff had "less than marked" limitations in this domain.  In particular, the ALJ considered that Ms. Perry reported that Plaintiff had "'none/slight' problems in getting along with other children, sharing, taking turns, keeping friends and initiating conversations"; that he had "'moderate' problems with avoiding temper outbursts, speaking intelligibly, taking turns in and maintaining conversation, using appropriate facial expressions,

13

tolerating differences and considering other's opinions and points of view"; that Plaintiff had "marked" limitations in the areas of, among other things, following rules, making friends, avoiding fights with peers, obeying authority and honesty; and that Plaintiff had "'extreme' problems in being disruptive or talking out of turn, and working independently." Tr. 19.  The court notes that Plaintiff's mother did not indicate on a Children's Problems Checklist that Plaintiff had problems being friendly with children or with not getting along with children of the same age or with children at school; that Plaintiff was "considered a problem child in school"; that he did not get along with his teachers; that he was disobedient, refused to listen, or defiant; or that he ignored rules. Tr. 175-77.  Additionally, Plaintiff's mother testified that he took part in physical education at school and played basketball. Tr. 31.  Indeed, in October 2008 Plaintiff was cited for being disrespectful to other students and suspended for fighting with another student, in November 2008 he was given detention for making a threat, in December 2008 he was suspended for one day for fighting, and in February 2009 he was suspended for three days for fighting. Tr. 113.  These incidents took place, however, prior to Plaintiff's being placed on medication or soon thereafter.  While Plaintiff was again suspended for two days in March 2009, 20 C.F.R. § 414.909 states that "[u]nless your impairment is expected to result in death, it must have lasted or must be expected to last for a continuous period of at least 12 months. We call this the duration requirement." Tr. 112.  The court finds that the ALJ's finding in regard to the domain of interacting and relating with others is based on substantial evidence and that it is consistent with the Regulations.

**D.    The Domain of Moving and Manipulating Objects:**

Consistent with § 416.926a(b)(1)(iv), the ALJ stated that this domain considers "how well a child moves and manipulates objects." Tr. 19.  The ALJ found that Plaintiff has no limitations in this domain and Plaintiff does not take issue with the ALJ's findings in this regard.  The court finds

14

that the ALJ's findings in regard to the domain of moving and manipulating objects is based on substantial evidence and is consistent with the Regulations.

**E.     The Domain of Caring for Yourself (Self-Care)**:

Consistent with § 416.926a(b)(1)(v), the ALJ stated that this domain considers "how well a chldl maintains a healthy emotional and physical state, including how well a child satisfies his physical and emotional wants and needs in appropriate ways." Tr. 20. Plaintiff does not take issue with the ALJ's finding that Plaintiff had no limitations in this domain. The court finds that the ALJ's decision, in regard to the domain of Caring for Yourself, is based on substantial evidence and that it is consistent with the Regulations.

**F.     The Domain of Health and Physical Well Being:**

Consistent with §  416.926a(b)(1)(vi), the ALJ stated that this domain considers "the cumulative physical efects of physical and mental impairments and any associated treatments or therapies on a child's health and functioining that were not considered in the evaluation of the child's ability to move about and manipulate objects." Tr. 21. Plaintiff does not take issue with the ALJ's determination that Plaintiff had no limitations in this domain. The court finds that the ALJ's decision in regard to the domain of health and physical well being is based on substantial evidence and that it is consistent with the Regulations.

Consistent with the Regulations, because he found that Plaintiff does not have an extreme limitation in one domain or a marked limitation in two or more domains, the ALJ found that Plaintiff does not have impairments which functionally equal, singularly or in combination, any listed impairment. As such, consistent with the Regulations as discussed above, the ALJ found that Plaintiff is not disabled for purposes of child SSI.

## IV.
## CONCLUSION

For the reasons more fully set forth above, the court finds that the ALJ's decision is supported by substantial evidence contained in the record as a whole, and that, therefore, the Commissioner's decision should be affirmed.

**ACCORDINGLY,**

**IT IS HEREBY ORDERED** that the relief sought in the Complaint and Brief in Support of Complaint is **DENIED;** Docs. 1, 13

**IT IS FINALLY ORDERED** that a separate judgement be entered in the instant cause of action.

/s/Mary Ann L. Medler
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE

Dated this <u>14th</u> day of May, 2012.